ERIN J. RADEKIN
Attorney at Law - SBN 214964
428 J Street, Suite 357
Sacramento, California 95814
Telephone: (916) 504-3931
Facsimile: (916) 447-2988

Attorney for Defendant
DAVID PEREZ RAMIREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:07-CR-00248-15 WBS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND ~~PROPOSED~~ |
| v. | ) | ORDER TO MODIFY BRIEFING |
| | ) | SCHEDULE |
| DAVID PEREZ RAMIREZ, | ) | |
| Defendant. | ) | |

On July 16, 2015, Defendant, DAVID PEREZ RAMIREZ, filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  CR 1345. Thereafter, undersigned counsel was appointed to represent Mr. Ramirez.  CR 1349.  On November 16, 2015, pursuant to the stipulation of the parties, the Court set a briefing schedule, which would permit the defense to file an amended motion to reduce sentence.  CR 1366.  For the reasons set forth below, the parties file this stipulated request to vacate the current briefing schedule and re-set a new briefing schedule as follows:

Amended motion to reduce sentence            **February 5, 2016**

Government's opposition                      **February 19, 2016**

Defendant's reply, if any                    **February 26, 2016**

STIPULATION AND PROPOSED ORDER TO MODIFY BRIEFING SCHEDULE - 1

Mr. Ramirez entered his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). CR 801. In *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012), the Ninth Circuit held that an 11(c)(1)(C) binding plea agreement must make clear the particular Guideline range on which the defendant's sentence was based in order for the defendant to be eligible for a reduction under 18 U.S.C. § 3582(c)(2). The *Austin* court based its holding on Justice Sotomayor's opinion in *Freeman v. United States,* 131 S. Ct. 2685 (2011)(a fractured 4-1-4 opinion), concluding that such opinion is the controlling opinion of the United States Supreme Court pursuant to *Marks v. United States,* 430 U.S. 188 (1977) ("Justice Sotomayor's concurrence is the controlling opinion because it reached this conclusion [that a (c)(1)(C) agreement did not bar eligibility for a sentence reduction] on the 'narrowest grounds.'" *Austin,* 676 F. 3d at 927-28). In January 2015, the Ninth Circuit affirmed *Austin* in *United States v. Davis*, 776 F.3d 1088 (9th Cir. 2015), in a 2-1 opinion. The defense does not dispute that Ninth Circuit law under *Austin* and *Davis* precludes a reduction in Mr. Ramirez's case based on the fact that his binding plea agreement does not contain reference to a particular guideline range as the basis for sentence.

However, in her concurrence in *Davis*, Judge Berzon called for *en banc* review to consider whether *Austin* was correctly decided. *Davis*, 776 F.3d at 1091. The Ninth Circuit granted *en banc* review of *Davis* on August 6, 2015, and heard oral argument on September 10, 2015, but has not yet issued a ruling. If this Circuit rejects *Austin*'s finding that Justice Sotomayor's opinion controls on the very issue barring Mr. Ramirez from the requested relief, the Ninth Circuit may fashion a new and different rule that would be applicable to Mr. Ramirez's case. In other words, the parties respectfully submit that this Court should await the resolution of the petition for *en*

*banc* review in *Davis* to ascertain the law to be applied to Mr. Ramirez's motion for a sentence reduction.

  Therefore, the parties respectfully stipulate and respectfully request that this Court modify the briefing schedule as set forth above.

Dated: December 4, 2015      BENJAMIN WAGNER
                 United States Attorney

               By: /s/ Jason Hitt
                 JASON HITT
                 Assistant United States Attorney


Dated: December 4, 2015      /s/ Erin J. Radekin
                 ERIN J. RADEKIN
                 Attorney for Defendant
                 DAVID PEREZ RAMIREZ

**ORDER**

  Pursuant to the parties' stipulation, and good cause appearing, it is hereby ordered that the briefing schedule relating to defendant's motion pursuant to § 3582(c)(2) be modified as follows:

  Amended motion to reduce sentence    **February 5, 2016**

  Government's opposition    **February 19, 2016**

  Defendant's reply, if any    **February 26, 2016**


Dated: December 7, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE