UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVID RAMIREZ,<br><br>          Defendant. | CR. NO. 2:07-0248-15 WBS<br><br>ORDER RE: MOTION TO REDUCE<br>SENTENCE PURSUANT TO 18 U.S.C. §<br>3582(c)(2) |

----oo0oo----

        Before the court is defendant David Ramirez's Motion
for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)
("section 3582(c)(2)") and Amendment 782 to the United States
Sentencing Guidelines ("Guidelines").  (Def.'s Mot. (Docket No.
1345); Def.'s Am Mot. (Docket No. 1458).)

        On March 7, 2011, defendant entered into a plea
agreement with the government whereby he agreed to plead guilty
to one count of conspiracy to distribute and possess with intent
to distribute at least fifty grams of methamphetamine (actual) in
violation of 21 U.S.C. §§ 846 and 841(a)(1).  (Plea Agreement

1

1  (Docket No. 801).)   The plea agreement provided that a sentence

2  of 188 months imprisonment would be appropriate in defendant's

3  case.   (Id. at 2.)

4         On July 13, 2011, the United States Probation Office

5  issued a presentence report ("PSR") in defendant's case.

6  (Presentence Report.)   The PSR recommended a total offense level

7  of 31 and criminal history category of IV, and a resulting

8  Guidelines sentencing range of 151 to 188 months, for defendant.

9  (Id. at 29.)

10        On July 27, 2011, the court held a sentencing hearing

11 for defendant.   (July 27, 2011 Tr. (Docket No. 1353).)   At the

12 hearing, the court adopted the PSR's recommendations with respect

13 to defendant's total offense level, criminal history category,

14 and Guidelines sentencing range, and sentenced defendant to 188

15 months in prison.   (See id. at 131, 137.)

16        On November 1, 2014, the United States Sentencing

17 Commission ("Commission") promulgated Amendment 782 to the

18 Guidelines, which reduced the base offense level of many drug

19 crimes listed in the Guidelines drug quantity table by two

20 levels.   United States v. Mitchell, No. 1:12-CR-0199 LJO SKO,

21 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016).   The Commission

22 voted to make Amendment 782 retroactively applicable.   See

23 U.S.S.G., sup. App'x C, amend. 788 (2014); United States v.

24 Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015).   The parties agree

25 that under Amendment 782, defendant's total offense level is 29,

26 which, in conjunction with a criminal history category of IV,

27 results in an amended Guidelines sentencing range of 121 to 151

28 months.   (See Def.'s Am. Mot. at 2; Gov't's Opp'n at 2-3 (Docket

2

1 | No. 1471).)

2 |        Defendant now moves to reduce his sentence to 151

3 | months pursuant to Amendment 782 and section 3582(c)(2).  (Def.'s

4 | Mot.; Def.'s Am. Mot.)  The government opposes defendant's

5 | Motion.  (Gov't's Opp'n.)

6 |        Section 3582(c)(2) allows the court to "reduce the term

7 | of imprisonment" of a defendant who was "sentenced . . . based on

8 | a sentencing range that has subsequently been lowered by the

9 | Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Supreme

10 | Court held in Dillon v. United States, 560 U.S. 817 (2010) that

11 | section 3582(c)(2) "establishes a two-step inquiry."  Id. at 826.

12 | At step one, the court must "determine[ the] defendant's

13 | eligibility for a reduction."  United States v. Rodriguez-

14 | Soriano, 855 F.3d 1040, 1042 (9th Cir. 2017).  To be eligible for

15 | a reduction under section 3582(c)(2), the "defendant must show

16 | (1) that his sentence was 'based on' a guideline range that has

17 | since been lowered, and (2) that the reduction he seeks is

18 | 'consistent with applicable policy statements issued by the

19 | Sentencing Commission.'"  Id. (quoting 18 U.S.C. § 3582(c)(2)).

20 | At step two, the court must "consider any applicable [18 U.S.C.]

21 | § 3553(a) factors and determine whether, in its discretion, the

22 | reduction authorized by reference to the policies relevant at

23 | step one is warranted in whole or in part under the particular

24 | circumstances of the case."  Dillon, 560 U.S. at 827.

25 |        At Dillon step one, the government concedes that the

26 | sentence reduction defendant seeks is consistent with Guidelines

27 | section 1B1.10, the Commission's policy statement.  (See Gov't's

28 | Opp'n at 2-3.)  The government does not concede, however, that

1  defendant's sentence was "based on" the Guidelines, arguing that

2  it was based, instead, on defendant's plea agreement.  (See id.

3  at 5.)

4       The Ninth Circuit held in United States v. Davis, 825

5  F.3d 1014 (9th Cir. 2016) that even when a defendant enters into

6  a plea agreement that provides for a specific sentence, "the

7  [court's] decision to accept the plea and impose the recommended

8  sentence is likely to be based on the Guidelines; and when it is,

9  the defendant should be eligible to seek § 3582(c)(2) relief."

10  Id. at 1026 (quoting Freeman v. United States, 564 U.S. 522, 534

11  (2011) (plurality opinion)).  The court may determine whether its

12  decision to impose the sentence recommended in a defendant's plea

13  agreement was "based on" the Guidelines by reviewing the

14  defendant's sentencing hearing transcript.  See id. at 1027-28

15  ("[T]he judge's statements during the sentencing hearing leave no

16  doubt that the sentence was 'based on' the Guidelines.");

17  Rodriguez-Soriano, 855 F.3d at 1044 ("Reviewing the hearing

18  transcript reveals how and why the district court settled on a

19  300-month sentence.").

20       The court's decision to impose the sentence recommended

21  in defendant's plea agreement appears to have been based on the

22  Guidelines.  While the court did not expressly cite the

23  Guidelines in sentencing defendant, it calculated the applicable

24  Guidelines sentencing range at defendant's sentencing hearing and

25  sentenced defendant to a term of imprisonment within that range.

26  (See July 27, 2011 Tr. at 131, 137.)  At no point during

27  defendant's sentencing hearing did the court state that its

28  sentencing decision was independent of the Guidelines.

4

1    Accordingly, the court finds that defendant's sentence was "based

2    on" the Guidelines, and defendant is eligible for a sentence

3    reduction at <u>Dillon</u> step one.

4          At <u>Dillon</u> step two, the government asks the court to

5    exercise its discretion to deny defendant a sentence reduction,

6    noting that defendant pled guilty to participating in a "massive"

7    drug conspiracy and "engaged in combat with another inmate" after

8    being incarcerated.  (Gov't's Opp'n at 5.)  The court already

9    accounted for the scale of defendant's drug trafficking crime at

10   the time of sentencing.  While defendant admitted to striking

11   another inmate in 2011, that incident appears to have been an

12   isolated one, and defendant has not been subject to prison

13   discipline since then.  (<u>See</u> Def.'s Am. Mot. Ex. A, Ramirez

14   Prison Discipline Records (Docket No. 1458-1.))  Moreover,

15   defendant has taken steps during his time in prison to

16   rehabilitate himself, such as completing courses in drug

17   education, parenting, and financial planning.  (<u>See</u> Def.'s Am.

18   Mot. Ex. B, Ramirez Prison Education Records (Docket No. 1458-

19   2).)

20         Because of the 2011 incident, the court is not inclined

21   to grant defendant the full reduction requested.  However, having

22   considered the applicable factors set forth in 18 U.S.C. §

23   3553(a) and reviewed the entire record in this case, the court

24   finds that a twelve-month sentence reduction is appropriate for

25   defendant.

26         IT IS THEREFORE ORDERED that defendant's Motion for a

27   sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the

28   same hereby is, GRANTED IN PART.  Defendant's term of

1  imprisonment shall be reduced to 176 months, effective

2  immediately.  All other provisions of the judgment in defendant's

3  case shall remain in effect

4  Dated:  May 31, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6