UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:07-0248-15 WBS |
|---|---|
| Plaintiff, | ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| DAVID RAMIREZ, | |
| Defendant. | |

----oo0oo----

Before the court is defendant David Ramirez's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 1345); Def.'s Am Mot. (Docket No. 1458).)

On March 7, 2011, defendant entered into a plea agreement with the government whereby he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine (actual) in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Plea Agreement

1

(Docket No. 801).) The plea agreement provided that a sentence of 188 months imprisonment would be appropriate in defendant's case. (Id. at 2.)

On July 13, 2011, the United States Probation Office issued a presentence report ("PSR") in defendant's case. (Presentence Report.) The PSR recommended a total offense level of 31 and criminal history category of IV, and a resulting Guidelines sentencing range of 151 to 188 months, for defendant. (Id. at 29.)

On July 27, 2011, the court held a sentencing hearing for defendant. (July 27, 2011 Tr. (Docket No. 1353).) At the hearing, the court adopted the PSR's recommendations with respect to defendant's total offense level, criminal history category, and Guidelines sentencing range, and sentenced defendant to 188 months in prison. (See id. at 131, 137.)

On November 1, 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 782 to the Guidelines, which reduced the base offense level of many drug crimes listed in the Guidelines drug quantity table by two levels. United States v. Mitchell, No. 1:12-CR-0199 LJO SKO, 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016). The Commission voted to make Amendment 782 retroactively applicable. See U.S.S.G., sup. App'x C, amend. 788 (2014); United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015). The parties agree that under Amendment 782, defendant's total offense level is 29, which, in conjunction with a criminal history category of IV, results in an amended Guidelines sentencing range of 121 to 151 months. (See Def.'s Am. Mot. at 2; Gov't's Opp'n at 2-3 (Docket

No. 1471).)

Defendant now moves to reduce his sentence to 151 months pursuant to Amendment 782 and section 3582(c)(2). (Def.'s Mot.; Def.'s Am. Mot.) The government opposes defendant's Motion. (Gov't's Opp'n.)

Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." Id. at 826. At step one, the court must "determine[ the] defendant's eligibility for a reduction." United States v. Rodriguez-Soriano, 855 F.3d 1040, 1042 (9th Cir. 2017). To be eligible for a reduction under section 3582(c)(2), the "defendant must show (1) that his sentence was 'based on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" Id. (quoting 18 U.S.C. § 3582(c)(2)). At step two, the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

At Dillon step one, the government concedes that the sentence reduction defendant seeks is consistent with Guidelines section 1B1.10, the Commission's policy statement. (See Gov't's Opp'n at 2-3.) The government does not concede, however, that

defendant's sentence was "based on" the Guidelines, arguing that it was based, instead, on defendant's plea agreement. (See id. at 5.)

The Ninth Circuit held in United States v. Davis, 825 F.3d 1014 (9th Cir. 2016) that even when a defendant enters into a plea agreement that provides for a specific sentence, "the [court's] decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." Id. at 1026 (quoting Freeman v. United States, 564 U.S. 522, 534 (2011) (plurality opinion)). The court may determine whether its decision to impose the sentence recommended in a defendant's plea agreement was "based on" the Guidelines by reviewing the defendant's sentencing hearing transcript. See id. at 1027-28 ("[T]he judge's statements during the sentencing hearing leave no doubt that the sentence was 'based on' the Guidelines."); Rodriguez-Soriano, 855 F.3d at 1044 ("Reviewing the hearing transcript reveals how and why the district court settled on a 300-month sentence.").

The court's decision to impose the sentence recommended in defendant's plea agreement appears to have been based on the Guidelines. While the court did not expressly cite the Guidelines in sentencing defendant, it calculated the applicable Guidelines sentencing range at defendant's sentencing hearing and sentenced defendant to a term of imprisonment within that range. (See July 27, 2011 Tr. at 131, 137.) At no point during defendant's sentencing hearing did the court state that its sentencing decision was independent of the Guidelines.

Accordingly, the court finds that defendant's sentence was "based on" the Guidelines, and defendant is eligible for a sentence reduction at Dillon step one.

At Dillon step two, the government asks the court to exercise its discretion to deny defendant a sentence reduction, noting that defendant pled guilty to participating in a "massive" drug conspiracy and "engaged in combat with another inmate" after being incarcerated. (Gov't's Opp'n at 5.) The court already accounted for the scale of defendant's drug trafficking crime at the time of sentencing. While defendant admitted to striking another inmate in 2011, that incident appears to have been an isolated one, and defendant has not been subject to prison discipline since then. (See Def.'s Am. Mot. Ex. A, Ramirez Prison Discipline Records (Docket No. 1458-1.)) Moreover, defendant has taken steps during his time in prison to rehabilitate himself, such as completing courses in drug education, parenting, and financial planning. (See Def.'s Am. Mot. Ex. B, Ramirez Prison Education Records (Docket No. 1458-2).)

Because of the 2011 incident, the court is not inclined to grant defendant the full reduction requested. However, having considered the applicable factors set forth in 18 U.S.C. § 3553(a) and reviewed the entire record in this case, the court finds that a twelve-month sentence reduction is appropriate for defendant.

IT IS THEREFORE ORDERED that defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the same hereby is, GRANTED IN PART. Defendant's term of

imprisonment shall be reduced to 176 months, effective immediately.  All other provisions of the judgment in defendant's case shall remain in effect

Dated:  May 31, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE